

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,442-01 AND WR-90,442-02

### EX PARTE DEREK LEE CASEY, JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT
### FROM TAYLOR COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY, SLAUGHTER, and MCCLURE, J.J., joined.

This is not a typical *Brady*[1] claim because Applicant pled guilty and it is unsettled whether *Brady* applies to a guilty plea. It is also atypical because the alleged exculpatory evidence was revealed at the punishment stage of trial, and defense counsel could have, but did not, raise a complaint at that time. These hurdles might be overcome in this case because the State made affirmative misrepresentations prior to the guilty plea, rather than simply failing to disclose evidence, and because Applicant has raised an ineffective assistance claim regarding his attorney's failure to discover and challenge the State's misrepresentations. In any event, the evidence does not appear to be material or prejudicial because Applicant testified at punishment that he knew the individuals

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

he fired at were police officers. That is why I ultimately must dissent from the Court's disposition, and why I would deny relief.

Applicant pled guilty to two counts of aggravated assault of a public servant. He had shot at two police officers. Before trial, the State represented that the police officers had repeatedly identified themselves as police officers before the shooting started. But at the punishment stage of trial, the officers testified that they had not done so.

In *United States v. Ruiz*, the Supreme Court held that *Brady* does not apply to impeachment evidence that was not revealed before a guilty plea pursuant to a plea agreement.[2] In *United States v. Conroy*, the Fifth Circuit went further, holding that "a guilty plea precludes the defendant from asserting a *Brady* violation."[3] The Fifth Circuit explicitly declined to make a distinction between exculpatory and impeachment evidence for purposes of its holding.[4] And the Fifth Circuit at least implicitly declined to distinguish between plea-bargain and open-plea cases because the case before it was a guilty plea without an agreement.[5] The Fifth Circuit has recognized *Conroy* as binding precedent in its jurisdiction as recently as 2018.[6] We are not bound by Fifth Circuit decisions,[7] but

---

[2] 536 U.S. 622, 633 (2002).

[3] 567 F.3d 174, 178 (5th Cir. 2009).

[4] *Id.* at 179.

[5] *See id.* at 177 ("Conroy pleaded guilty to all counts without a plea agreement").

[6] *Alvarez v. City of Brownsville,* 904 F.3d 382; 392 (5th Cir. 2018) (en banc) ("Prior to this court granting *Alvarez*'s petition for rehearing en banc, settled precedent in this circuit held that there was no constitutional right to *Brady* material prior to a guilty plea. [Citing *Conroy*]. Alvarez argues that under *Brady* the videos of the incident between him and Officer Arias constituted exculpatory evidence that he was constitutionally entitled to before the entry of his guilty plea. [Citing *Brady*]. This court declines the invitation to uproot its precedent."). *See also Alvarez v. City of Brownsville*, 860 F.3d 799, 802 (5th Cir. 2017) ("*Conroy* thus extended the impeachment evidence holding of Ruiz

the Fifth Circuit's precedent shows that it is at least unsettled whether a defendant who pleads guilty can advance a viable *Brady* claim about the State's failure to disclose exculpatory evidence.

But the State did not merely fail to disclose the evidence. It made affirmative misrepresentations about its evidence prior to the plea. Whether or not *Brady* applies, an affirmative misrepresentation by the State could, in an appropriate case, render a plea involuntary.[8]

But there is another problem. The fact that officers did not identify themselves as such was revealed at the punishment stage of trial. Defense counsel could have objected at that time and asked to have the plea withdrawn. Because he did not, any *Brady* claim would seem to have been forfeited as a result.[9] If this is a misrepresentation claim, then there might be an argument for exempting it from preservation requirements and perhaps, in doing so, imposing a heavier burden to show materiality or prejudice.[10]

---

to cover exculpatory evidence as well, and we are bound by that decision.").

[7] *Gonzales v. State*, 435 S.W.3d 801, 813 n.11 (Tex. Crim. App. 2014) ("[F]ederal constitutional interpretations of the Fifth Circuit Court of Appeals are not binding on this Court.").

[8] *See Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016) ("prosecutorial misrepresentation" might cause a guilty plea to be "constitutionally challengeable").

[9] *Wilson v. State,* 7 S.W.3d 136, 146 (Tex. Crim. App. 1999) ("Appellant now claims that the State's tardy disclosure violated his due process right to the disclosure of exculpatory evidence under *Brady v. Maryland*. However, appellant has procedurally defaulted his claim. To preserve error, a complaint must be made to the trial court in a timely fashion. To be timely, a complaint must be made as soon as the grounds for complaint is apparent or should be apparent. That subsequent events may cause a ground for complaint to become more apparent does not render timely an otherwise untimely complaint.") (citations omitted).

[10] *See Ex parte Napper*, 322 S.W.3d 202, 241 (Tex. Crim. App. 2010) ("[W]hether applicant has forfeited his complaint . . . is complicated by the fact that the State has a continuing 'duty to correct "false" testimony whenever it comes to the State's attention.'"). *See also Ex parte Chavez*, 371 S.W.3d 200, 215 (Tex. Crim. App. 2012) (Keller, P.J., dissenting) ("The knowing use of perjured or false testimony is a rare exception to the rule against considering claims on habeas that could have

There is, however, an easier route—ineffective assistance of counsel. Applicant claims that counsel was ineffective for failing to discover and raise the issue at trial. That claim is appropriately raised for the first time on habeas. We could remand to have counsel explain why he did not raise a complaint about the falsity of the pretrial information indicating that the officers had identified themselves and about the State's failure to disclose that the officers had not in fact identified themselves, but, as I explain below, we need not do so.

Whether this claim is viewed as an exculpatory evidence claim, a misleading information claim, or an ineffective assistance claim, the evidence must still satisfy the standard for materiality or prejudice. Applicant cannot show materiality or prejudice because he admitted at the punishment stage that he knew the individuals he shot at were police officers:

> I did not plan for any of that to take place that night in January, but I saw my way out. I saw my life free from depression, free from pain, free from drug addiction, in the form of those two officers with guns in their hands. I fired in their direction. I didn't aim at them. I fired high, trying just to provoke them to kill me. I knew my suffering would end once and for all once they returned fire and I would be dead.

Applicant's admission that he knew the individuals were police officers incontrovertibly established the "knows is a public servant" element of the offense that the State needed to prove to establish guilt.[11] Given that admission, Applicant has not shown by a preponderance of the evidence that he would have declined to plead guilty. And any mitigating impact flowing from the officers' failure to identify themselves was available for consideration at punishment.

---

been raised earlier. It is appropriate to make this exception because of the egregiousness of the State's conduct. When the State knowingly subverts the system, a defendant's negligence in failing to assert a claim should not by itself end the analysis. Instead, a belated claim of this sort is subject to the general habeas harm standard.").

[11] *See* TEX. PENAL CODE § 22.01(b)(1).

I respectfully dissent.

Filed: January 27, 2021

Do not publish